JUDGE SWAIN

Helen F. Dalton & Associates, PC
Helen F. Dalton (HD 3231)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

08 CV 3526

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DANIEL CANONE and RICHARD MORENO on their own behalf &
on behalf of others similarly situated,

    Plaintiffs,

    -against-

COMPLAINT

JURY TRIAL
DEMANDED

APR 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

FILCO CARTING CORP., MESEROLE ST RECYCLING, INC.,
RUDOLPH C. FILIBERTO, an individual,
J L LEASING CORP., and JULIO LOPEZ an individual
    Defendants.
-----------------------------------------------------------X

1. Plaintiffs, Daniel Canone and Richard Moreno (hereinafter referred to as "Plaintiffs"), by their attorneys Helen F. Dalton & Associates, PC, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, Daniel Canone, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST RECYCLING, INC., RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws and breach of Union Contract, arising out of Plaintiffs employment at FILCO CARTING CORP., located at 111 GARDNER AVE. BROOKLYN, NEW YORK, 11237.

3. Plaintiff, Daniel Canone, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST RECYCLING, INC.,

7. egregious violations of federal and state overtime laws and breach of Union Contract, arising out of Plaintiffs employment at MESEROLE ST.RECYCLING, INC., located at 568 MESEROLE STREET, BROOKLYN, NEW YORK, 11237.

8. Plaintiff Daniel Canone was employed by Defendants to work as a helper for drivers from January 25th, 2006 until his employment was terminated on January 24th, 2008. Although, Plaintiff worked approximately forty five (45) hours or more per week during the period of April of 2007 until December of 2007, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. Plaintiff Daniel Canone was employed by Defendants to work as a helper for drivers from January 25th, 2006 until his employment was terminated on January 24th, 2008. Although, Plaintiff worked approximately thirty-two (32) hours or less per week during the period of January 25, 2006 until April of 2007, Defendants did not pay Plaintiff the minimum of eight (8) hours pay per day or forty (40) hours per week, regardless of whether Plaintiff actually worked eight (8) hours per day or forty (40) hours per week, a blatant violation of **ARTICLE 5. WORK WEEKS, HOURS OF WORK, OVERTIME AND REST PERIODS** provisions contained in the Filco Carting Corp. (the "Employer") and Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union") Agreement.

10. Plaintiff Daniel Canone received fifteen dollars ($15) an hour From January 25, 2006 until his employment terminated on January 24, 2008. Defendants did not pay Plaintiff for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between Filco Carting Corp., Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union")

11. Plaintiff Richard Moreno was employed by Defendants to work as a helper for drivers from June 1st, 2007 until his employment was terminated on February

RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws and breach of Union Contract, arising out of Plaintiffs employment at J L LEASING CORP., located at 31 ARION PLACE BROOKYN, NEW YORK, 11206.

4   Plaintiff, Daniel Canone, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST RECYCLING, INC., RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws and breach of Union Contract arising out of Plaintiffs employment at MESEROLE ST.RECYCLING, INC., located at 568 MESEROLE STREET, BROOKLYN, NEW YORK, 11237.

5   Plaintiff, Richard Moreno, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST.RECYCLING, INC., RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws and breach of Union Contract arising out of Plaintiffs employment at FILCO CARTING CORP., located at 111 GARDNER AVE. BROOKLYN, NEW YORK, 11237.

6.  Plaintiff, Richard Moreno, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST RECYCLING, INC., RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws and breach of Union Contract, arising out of Plaintiffs employment at J L LEASING CORP., located at 31 ARION PLACE BROOKYN, NEW YORK, 11206.

7.  Plaintiff, Richard Moreno, through undersigned counsel, brings this action against FILCO CARTING CORP., MESEROLE ST.RECYCLING, INC., RUDOLPH C. FILIBERTO, an individual, J L LEASING CORP., and JULIO LOPEZ an individual (collectively, "Defendants") to recover damages for

22nd, 2008. Although, the weeks of 7/22/07-07/28/07; 09/09/07-09/15/07; 10/14/07-10/20/07; 11/19/06-11/25/06 Plaintiff worked an average of twenty eight (28) hours per week, employers failed to pay Plaintiff for forty (40) hours per week, regardless of whether Plaintiff worked forty (40) hours, a blatant violation of **ARTICLE 5. <u>WORK WEEKS, HOURS OF WORK, OVERTIME AND REST PERIODS</u>** provisions contained in the Agreement between Filco Carting Corp. (the "Employer") and Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union").

12. Plaintiff Richard Moreno was employed by Defendants to work as a helper for drivers from June 1st, 2007 until his employment was terminated on February 22nd, 2008. Although, the weeks of 7/22/07-07/28/07; 09/09/07-09/15/07; 10/14/07-10/20/07; 11/19/06-11/25/06 Plaintiff worked an average of twenty eight (28) hours per week, employers failed to pay Plaintiff for forty (40) hours per week, regardless of whether Plaintiff worked forty (40) hours, a blatant violation of **ARTICLE 5. <u>WORK WEEKS, HOURS OF WORK, OVERTIME AND REST PERIODS</u>** provisions contained in the Agreement between Filco Carting Corp (the "Employer") and Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union").

13. Defendants paid plaintiff $8.50 per hour from June 1st, 2007 until July 1st, 2007, and $9 per hour from August 1st, 2007 until August 31st, 2007, and $10 per hour from September 1st, 2007 until February 22nd, 2008 Defendants failed to pay plaintiff $20.75 per hour effective October 1st, 2006, and $21.25 effective October 1st, 2007, in accordance with the Agreement between Filco Carting Corp. (the "Employer") and Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union").

14. As a result of these violations of federal and state labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000 Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331

16. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

19. Plaintiff, Daniel Canone, resides at 61-29 163 Street Fresh Meadow, New York, 11365 in Queens Country, New York and was employed by Defendants at FILCO CARTING CORP., located at 111 GARDNER AVE, BROOKLYN NEW YORK 11237 from on or about January 25TH, 2006 until his employment was terminated on January 24TH, 2008.

20. Plaintiff, Daniel Canone, resides at 61-29 163 Street Fresh Meadow, New York, 11365 in Queens Country, New York and was employed by Defendants at MESEROLE ST RECYCLING, INC., located at 568 Meserole Street, Brooklyn New York, 11237 from on or about January 25TH, 2006 until his employment was terminated on January 24TH, 2008.

21. Plaintiff, Daniel Canone, resides at 61-29 163 Street Fresh Meadow, New York, 11365 in Queens Country, New York and was employed by Defendants at J L LEASING CORP., located at 31 Arion Place, Brooklyn, New York, 11206 from on or about January 25TH, 2006 until his employment was terminated on January 24TH, 2008.

22. Plaintiff, Richard Moreno, resides at 110-49 63 Ave, Forest Hills, New York, 11375 in Queens Country, New York and was employed by Defendants at FILCO CARTING CORP., located at 111 GARDNER AVE, BROOKLYN NEW YORK 11237 from on or about June 1st, 2007 until his employment was terminated on February 22nd, 2008.

23. Plaintiff, Richard Moreno, resides at 110-49 63 Ave, Forest Hills, New York, 11375 in Queens Country, New York and was employed by Defendants at MESEROLE ST. RECYCLING, INC., located at 568 Meserole Street, Brooklyn New York, 11237 from on or about June 1st, 2007 until his employment was terminated on February 22nd, 2008.

24. Plaintiff, Richard Moreno, resides at 110-49 63 Ave, Forest Hills, New York, 11375 in Queens Country, New York and was employed by Defendants at J L LEASING CORP., located at 31 Arion Place, Brooklyn, New York, 11206 from on or about June 1st, 2007 until his employment was terminated on February 22nd, 2008.

25. Upon information and belief, Defendant FILCO CARTING CORP., is a corporation organized under the laws of New York with a principal executive office located at 111 Gardner Ave, Brooklyn, New York, 11237

26. Upon information and belief, Defendant MESEROLE ST. RECYCLING, INC., is a corporation organized under the laws of New York with a principal executive office located at 568 Meserole Street, Brooklyn New York, 11237.

27. Upon information and belief, Defendant J L LEASING CORP., is a corporation organized under the laws of New York with a principal executive office located at 31 Arion Place, Brooklyn, New York, 11206.

28. Upon information and belief, Defendant RUDOLPH C. FILIBERTO is the Chairman of the Board of FILCO CARTING CORP.,

29. Upon information and belief, Defendant RUDOLPH C FILIBERTO is the Chief Executive Officer of FILCO CARTING CORP.,

30. Upon information and belief, Defendant RUDOLPH C. FILIBERTO is an agent of FILCO CARTING CORP.,

31. Upon information and belief, Defendant RUDOLPH C. FILIBERTO has power over personnel decisions.

32. Upon information and belief, Defendant RUDOLPH C. FILIBERTO has power over payroll decisions.

33. Defendant RUDOLPH C. FILIBERTO has the power to hire and fire employees at FILCO CARTING CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

34. During relevant times, Defendant RUDOLPH C. FILIBERTO was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

35. Upon information and belief, Defendant RUDOLPH C. FILIBERTO is the Chairman of the Board of MESEROLE ST. RECYCLING, INC.,

36. Upon information and belief, Defendant RUDOLPH C. FILIBERTO is the Chief Executive Officer of MESEROLE ST RECYCLING, INC.,

37. Upon information and belief, Defendant RUDOLPH C. FILIBERTO is an agent of MESEROLE ST. RECYCLING, INC.,

38. Upon information and belief, Defendant RUDOLPH C. FILIBERTO has power over personnel decisions.

39. Upon information and belief, Defendant RUDOLPH C. FILIBERTO has power over payroll decisions.

40. Defendant RUDOLPH C. FILIBERTO has the power to hire and fire employees at MESEROLE ST. RECYCLING, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

41. During relevant times, Defendant RUDOLPH C. FILIBERTO was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

42. Upon information and belief, Defendant JULIO LOPEZ is the Chairman of the Board of J L LEASING CORP.,

43. Upon information and belief, Defendant JULIO LOPEZ is the Chief Executive Officer of J L LEASING CORP.,

44. Upon information and belief, Defendant JULIO LOPEZ is an agent of J L LEASING CORP.,

45. Upon information and belief, Defendant JULIO LOPEZ has power over personnel decisions.

46. Upon information and belief, Defendant JULIO LOPEZ has power over payroll decisions.

47. Defendant JULIO LOPEZ has the power to hire and fire employees at

J L LEASING CORP., establish and pay their wages, set their work schedule, and maintains their employment records

48. During relevant times, Defendant JULIO LOPEZ was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

49. On information and belief, FILCO CARTING CORP., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

50. On information and belief, MESEROLE ST.RECYCLING, INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

51. On information and belief, J L LEASING CORP., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

52. Plaintiff Daniel Canone was employed by Defendants at FILCO CARTING CORP., in Brooklyn, New York between approximately January 25th, 2006 and January 24th, 2008.

53. During his employment by Defendants at FILCO CARTING CORP., Plaintiff Daniel Canone primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers.

54. Plaintiff Daniel Canone did not have any authority to hire or fire employees

55. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff was not paid the minimum of forty (40) hours per week.

56. Defendants did not pay Plaintiff for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between Filco Carting Corp., Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union"), which Plaintiff is entitled to regardless of whether there is eight (8) hours of work or not.

57. In fact defendants violated the agreement by failing to pay plaintiff $20.75 per hour effective October 1st, 2006, and $21.25 effective October 1st, 2007, instead paid plaintiff $15 per hour from October 1st, 2006 until April 30th, 2007, and $15.45 per hour from January 1st, 2007 until July 30th, 2007, and $17 per hour from August 1st, 2007 until October 27th, 2007, and $17.50 per hour from October 28th, 2007 until November 1st, 2007 and $21.25 per hour from November 2nd, 2007, until January 24th, 2008.

58. Defendants willfully failed to post notices of the minimum of eight (8) hours (at the applicable premium rate of $20.75 and $21.25), regardless of whether there is eight hours of work or not.

59. Plaintiff Daniel Canone was employed by Defendants at MESEROLE ST.RECYCLING, INC in Brooklyn, New York between approximately January 25th, 2006 and January 24th, 2008.

60. During his employment by Defendants at MESEROLE ST.RECYCLING, INC., Plaintiff Daniel Canone primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers

61. Plaintiff Daniel Canone was employed by Defendants to work as a helper for drivers from January 25th, 2006 until his employment was terminated on January 24th, 2008. Although, Plaintiff worked approximately forty five (45)

hours or more per week during the period of April of 2007 until December of 2007, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

62. Defendants did not pay Plaintiff Canone for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between MESEROLE ST RECYCLING, INC, Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union"), which Plaintiff is entitled to, regardless of whether there is eight (8) hours of work or not.

63. Plaintiff Daniel Canone was employed by Defendants at J L LEASING CORP., in Brooklyn, New York between approximately January 25th, 2006 and January 24th, 2008.

64. During his employment by Defendants at J L LEASING CORP., Plaintiff Daniel Canone primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers.

65. Defendants did not pay Plaintiff for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between J L LEASING CORP., Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union"), which Plaintiff is entitled to regardless of whether there is eight (8) hours of work or not.

66. Plaintiff Richard Moreno was employed by Defendants at FILCO CARTING CORP., in Brooklyn, New York between approximately June 1st, 2007 and February 22nd, 2008.

67. During his employment by Defendants at FILCO CARTING CORP., Plaintiff Richard Moreno primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers.

68. Plaintiff Richard Moreno was employed by Defendants at MESEROLE ST RECYCLING, INC, in Brooklyn, New York between approximately June 1st, 2007 and February 22nd, 2008.

69. During his employment by Defendants at MESEROLE ST RECYCLING, INC, Plaintiff Richard Moreno primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers.

70. Plaintiff Richard Moreno did not have any authority to hire or fire employees.

71. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff was not paid the minimum of forty (40) hours per week

72. Defendants did not pay Plaintiff for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between MESEROLE ST RECYCLING, INC, Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union"), which Plaintiff is entitled to regardless of whether there is eight (8) hours of work or not.

73. In fact defendants violated the agreement by failing to pay plaintiff $20.75 per hour effective October 1st, 2006, and $21.25 effective October 1st, 2007, instead Defendants paid plaintiff $8.50 per hour from June 1st, 2007 until July 1st, 2007, and $9 per hour from August 1st, 2007 until August 31st, 2007, and $10 per hour from September 1st, 2007 until February 22nd, 2008

74. Defendants willfully failed to post notices of the minimum of eight (8) hours (at the applicable premium rate of $20.75 and $21.25), regardless of whether there is eight hours of work or not

75. Plaintiff Richard Moreno was employed by Defendants at J L LEASING CORP., in Brooklyn, New York between approximately June 1st, 2007 and February 22nd, 2008.

76. During his employment by Defendants at J L LEASING CORP, Plaintiff Richard Moreno primary duties were helping driver collect garbage and performing other miscellaneous duties as directed by supervisors and managers.

77. Defendants did not pay Plaintiff for his services and labor at a rate of $20.75 per hour, effective October 1st, 2006, and $21.25 per hour, effective October 1st, 2007 as stipulated in the agreement duly executed between J L LEASING CORP., Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union"), which Plaintiff is entitled to regardless of whether there is eight (8) hours of work or not.

78. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the Diner as required by both NYLL and the FLSA.

79. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

80. Defendants willfully violated Plaintiffs' rights and d the requirements of the FLSA and NYLL by failing to pay overtime at a rate of one and a half (1 ½) for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

83. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

84. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

85. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

86. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiff.

87. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

88. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

89. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

90. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

91. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION

### Breach of Union Contract

92. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

93. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. Plaintiffs were third party beneficiaries of the agreement duly executed between J L LEASING CORP., Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A, AFL-CIO, (the "Union")
95. Defendants failed to pay Plaintiff in accordance with the agreement, by failing to pay the agreed upon hourly rate and by failing to pay for forty (40) hours per week regardless of whether Plaintiffs actually worked forty (40) hours.
96. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:
  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;
  b. Awarding Plaintiff unpaid wages and overtime wages;
  c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
  d. Awarding Plaintiff prejudgment and post-judgment interest;
  e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and
  f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 2nd day of April 2008.

*[signature]*

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL CANONE and RICHARD MORENO on their own behalf &
on behalf of others similarly situated,

   Plaintiffs,

-against-

FILCO CARTING CORP , MESEROLE ST.RECYCLING, INC.,
RUDOLPH C. FILIBERTO, an individual,
J L LEASING CORP., and JULIO LOPEZ an individual

   Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

To:

**FILCO CARTING CORP.,**
111 GARDNER AVE,
BROOKLYN, NEW YORK, 11237

**MESEROLE ST.RECYCLING, INC.,**
568 MESEROLE STREET
BROOKLYN, NEW YORK, 11237

**RUDOLPH C. FILIBERTO, an individual,**
568 MESEROLE STREET
BROOKLYN, NEW YORK, 11237

**J L LEASING CORP.,**
31 ARION PLACE,
BROOKLYN, NEW YORK, 11206

**JULIO LOPEZ an individual**
31 ARION PLACE,
BROOKLYN, NEW YORK, 11206